**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 29, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51138

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN KARL LEE,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:04-CR-1555-ALL

Before JONES, Chief Judge, and DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

John Karl Lee appeals his conviction and restitution on three counts of mail fraud, 18 U.S.C. § 1341, and three counts of making false statements to obtain federal employees' compensation, 18 U.S.C. § 1920.  Finding no reversible error, we AFFIRM.

John Karl Lee, an active duty serviceman during Operation Desert Storm in 1990-91, was convicted for mail fraud and false statements he made to obtain disability benefits for alleged post-traumatic stress disorder incurred in his military service.  Lee had received $229,429.89 in monthly monetary disbursements between

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

April 1996 and March 2003, while misrepresenting both that he was married (after his divorce) and that he had no other employment.

Lee was sentenced to six concurrent 24-month terms, two years' supervised release, a $172,000 fine, $229,429.89 in restitution, forfeiture of $157,936.25, and $600 in special assessments. On appeal, he raises several trial errors and challenges the amount of restitution.

## I.  DISCUSSION

### A.  Admission of the Vehicle Theft Testimony

Lee asserts that the testimony by the Army investigator that Lee had stolen a Chevy Suburban while on a patrol in Iraq during Desert Storm is extrinsic to the charged offenses, inadmissible character evidence, and unfairly prejudicial. This contention may be correct. To establish the admissibility of this evidence as "intrinsic" to the charged offenses, the Government had to prove that the events in 1991 and his fraudulent Office of Worker's Compensation Program ("OWCP") disability claims years later were "inextricably intertwined" incidents and are part of the same criminal transaction. See United States v. Morgan, 117 F.3d 849, 860 (5th Cir. 1997) (uncharged offense must arise out of same transaction as the charged offense to avoid proscription of Federal Rule of Evidence 404(b)). Nonetheless, in light of the substantial body of inculpatory evidence apart from the theft testimony, the

error was harmless and caused no prejudice to Lee. See United States v. Buck, 324 F.3d 786, 789 (5th Cir. 2003).

**B.  District Court's Instructions on Texas Law**

Lee alleges that he was denied due process and a fair trial when the district judge impermissibly testified as a witness in violation of Federal Rule of Evidence 605 and "impeached" a "pivotal" defense witness.

Alicia Carlos, the filing room supervisor in the El Paso County District Clerk's Office, testified, in order to rebut the Government's position, that since Lee had waived service of his divorce decree, there was no possibility that her office could have sent him a copy of it. In response to Carlos's testimony, the district judge instructed on and read to the jury TEXAS RULE OF CIVIL PROCEDURE 119a, which requires the County Clerk to mail a certified copy of a divorce decree to any party who waived service of process. Lee characterizes the instruction as judicial testimony in violation of FEDERAL RULE OF EVIDENCE 605 because it allegedly created the impression that the judge was directing the jury to assume that Lee had received a copy of the divorce decree.

The jury instruction at issue is, however, not akin to the improper fact-based testimonial statements that Rule 605 prohibits. The instant situation is more appropriately analyzed within the scope of caselaw defining the district court's "power of comment and the inherent limitations on this power." United States

3

v. Paiva, 892 F.2d 148, 159 (1st Cir. 1989).  Thus, it is well established that a trial judge may facilitate a jury's understanding of the evidence by questioning witnesses, by eliciting facts not yet adduced by the parties, or through explanation and commentary.  United States v. Reyes, 227 F.3d 263, 265 (5th Cir. 2000); FED. R. EVID. 614.  On appeal, the issue is whether the disputed judicial behavior "was so prejudicial that it denied [the defendant] a fair, as opposed to a perfect, trial." United States v. Saenz, 134 F.3d 697, 702 (5th Cir. 1998) (internal quotation marks omitted).  The district court's action must be "qualitatively and quantitatively substantial" to merit a finding of reversible error.  United States v. Munoz, 150 F.3d 401, 414 (5th Cir. 1998).  Because Lee did not object to the court's instruction at trial, we review only for plain error.  United States v. Hernandez-Guevara, 162 F.3d 863, 875 (5th Cir. 1998).

The district court's Rule 119a instruction was not plainly erroneous and did not deprive Lee of a fair trial. It did not impermissibly insinuate that the jury should disbelieve Carlos's testimony, nor did it provide any guidance as to how the jury should interpret Carlos's testimony.  Cf. United States v. Nickl, 427 F.3d 1286, 1292-93 (10th Cir. 2005); Paiva, 892 F.2d at 158.  The judge intervened only to disabuse the jury of the witness's incorrect assertion that there was no possibility that the El Paso District Clerk mailed divorce decrees to individuals who have waived service of process.  This single instruction, made

4

in the course of a nine-day trial featuring twenty-five witnesses, does not constitute error, much less prejudicial or plain error. See United States v. Hefferon, 314 F.3d 211, 221 (5th Cir. 2002).

**C. Denial of Compulsory Process Claim**

Lee next contends that the exclusion as a witness of Carol Holmes, a supervisor at the District Clerk's office, deprived him of his Sixth Amendment right to compulsory process. Holmes's testimony was intended to be probative of whether Lee received the decree by mail because, unlike Carlos, Holmes was employed at the Clerk's Office at the same time when documentation of Lee's divorce proceeding was processed.

A criminal defendant must demonstrate that the excluded testimony was "both material and favorable to his defense." "[M]ore than the mere absence of testimony is necessary to establish a violation" of the right to compulsory process. United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S. Ct. 3440, 3446 (1982); Janecka v. Cockrell, 301 F.3d 316, 326 (5th Cir. 2002). Here, the salient points of Holmes's testimony had previously been put before the jury by Carlos. Any further testimony by Holmes that the Clerk's Office did not comply with Rule 119a in 1998 would have been duplicative and immaterial to Lee's defense. The court did not err.

**D. Calculation of Restitution**

Lee alleges that the district court erred in ordering restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, for the total amount of disbursements he received starting in 1996, instead of limiting the amount to the disbursements traceable to the offenses alleged in the indictment. We review challenges to the legality of an award under the MVRA de novo and then determine whether the district court abused its discretion in calculating the amount awarded. United States v. Adams, 363 F.3d 363, 365 (5th Cir. 2004).

Lee's claim is meritless. In order to convict Lee of the mail fraud counts, the Government necessarily proved a scheme to defraud in addition to the specific fraudulent misrepresentations he made on the OWCP forms alleged in the indictment. See 18 U.S.C. § 1341. "[W]here a fraudulent scheme is an element of the conviction, the court may award restitution for 'actions pursuant to that scheme.'" United States v. Cothran, 302 F.3d 279, 289 (5th Cir. 2002) (quoting United States v. Stouffer, 986 F.2d 916, 928 (5th Cir. 1993)). The temporal scope of the criminal behavior and the specific acts charged in the indictment define the parameters of the fraudulent scheme for purposes of determining restitution under the MVRA. See Cothran, 302 F.3d at 288. Count One of the indictment states that "[o]n or about April 6, 1994, the Defendant . . . made material false and fraudulent misrepresentations that [the Defendant's] Post Traumatic Stress Disorder was the result of having been held captive as a prisoner of war in Iraq in 1991."

6

The indictment's description of the fraudulent scheme charged empowered the district court to include the total amount of OWCP disbursements paid as a result of the erroneous diagnosis of total disability that Lee procured through fraudulent misrepresentations.

In so doing, the district court adopted the recommendations contained in Lee's PSR, which, under U.S.S.G. § 5E1.1 and 18 U.S.C. § 3663A, determined that Lee's willful misrepresentations to the OWCP began on April 13, 1994, and that the appropriate measure of restitution was the total loss incurred from that date, namely, $229,429.89. The jury, conversely, rendered a forfeiture verdict of $165,997.50, which only accounts for disbursements made in response to the fraudulent misrepresentations alleged as overt acts in the indictment. But, according to the plain language of 18 U.S.C. § 3663A, the court, not the jury, ultimately determines the amount of restitution appropriate to the offense. In awarding restitution for the total amount of the disbursements Lee procured in the course of his fraudulent conduct, the court did not act contrary to law or abuse its discretion.

## CONCLUSION

For the foregoing reasons, we find no reversible error in the decision below and AFFIRM.

7